UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES

VERSUS                              CRIMINAL ACTION

KENNETH EDWARD RIVERE               NUMBER 04-81-RET-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 21, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES

VERSUS                                    CRIMINAL ACTION

KENNETH EDWARD RIVERE                      NUMBER 04-81-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Kenneth Edward Rivere.  Record document number 65.  The United States filed an opposition.[1]

Pursuant to a written plea agreement the petitioner pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).[2]  In exchange for his guilty plea and his waiver of appellate and § 2255 rights, the government agreed to bring no additional criminal charges in this district related to the facts surrounding the petitioner's arrest on the bank robbery charge.  On June 30, 2005, the petitioner was sentenced to 150 months in the custody of the United States Bureau of Prisons.

Petitioner appealed his sentence arguing that the district court's decision to upwardly depart at sentencing was unreasonable and an abuse of discretion.  On May 10, 2006, the United States

---

[1] Record document number 72.

[2] Record document number 43.

1

Court of Appeals for the Fifth Circuit affirmed the judgment of the district court. *United States v. Kenneth Edward Rivere*, 178 Fed. Appx. 445 (5th Cir. 2006). Petitioner sought review by the United States Supreme Court. On October 2, 2006, the Supreme Court denied review. *Kenneth Edward Rivere v. United States*, _____ U.S. _____, 127 S.Ct. 295 (2006).

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required. Petitioner's § 2255 motion is procedurally barred.

Petitioner asserted the following grounds for relief in his § 2255 motion: (1) his plea agreement did not contain a provision for the possibility of a reduced sentence pursuant to U.S.S.G. § 5K.1 as was initially promised; and, (2) he received an excessive sentence.

**Procedural Bar**

In his first ground for relief, the petitioner argued that the plea agreement failed to include a provision for the possibility of a reduction of his sentence pursuant to U.S.S.G. § 5K.1. Petitioner argued that he was initially offered a plea agreement that included the possibility of a downward departure pursuant to § 5K.1 but that the plea agreement did not contain the provision.

In response to the petitioner's § 2255 motion, the United States argued that the petitioner's claim regarding the breach of

2

his plea agreement is procedurally barred because the petitioner
did not challenge in his appeal the voluntariness of his guilty
plea or allege a breach of the plea agreement.

There are four grounds upon which a federal prisoner may move
to vacate, set aside, or correct his sentence: (1) the sentence was
imposed in violation of the Constitution or laws of the United
States; (2) the court was without jurisdiction to impose the
sentence; (3) the sentence exceeds the statutory maximum sentence;
and (4) the sentence is otherwise subject to collateral attack.  28
U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82
S.Ct. 468, 470-71 (1962).

Following a conviction and exhaustion or waiver of the right
to direct appeal, the defendant is presumed to stand fairly and
finally convicted.  *United States v. Shaid*, 937 F.2d 228, 231-32
(5th Cir. 1991)(en banc), *cert. denied,* 502 U.S. 1076, 112 S.Ct.
978 (1992).  A defendant can challenge his conviction after it is
presumed final only on issues of constitutional or jurisdictional
magnitude, *Hill  v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468,
471 (1962), and may not raise an issue for the first time on
collateral review without showing both "cause" for his procedural
default, and "actual prejudice" resulting from the error.  *United
States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982).
If the alleged error is not constitutional or jurisdictional, the
defendant must show that the error could not have been raised on

direct appeal, and if condoned, would result in a complete miscarriage of justice. *United States v. Capua*, 656 F2d. 1033, 1037 (5th Cir. 1981).

Petitioner did not argue that he has overcome the procedural bar by demonstrating the necessary cause and prejudice[3] or a fundamental miscarriage of justice.[4] Petitioner's plea agreement claim is procedurally barred.

**Excessive Sentence**

In his second ground for relief, the petitioner argued that he received an excessive sentence. Specifically, the petitioner argued that the 150 month sentence constituted an unreasonable upward departure when considered together with his other federal and state court sentences.

The United States argued that because the petitioner's sentencing claim was raised on appeal, the court should decline to

---

[3] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id*.

In addition to establishing cause for his procedural default, the petitioner must also show actual prejudice to overcome it. *United States v. Bowes*, 139 F.3d 900 (5th Cir. 1998).

[4] In order to prove a fundamental miscarriage of justice, the petitioner must assert his actual innocence. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Petitioner has not asserted that he is actually innocent of the bank robbery charge.

4

readdress it in a § 2255 motion.

Issues raised and disposed of in a previous appeal from an original judgment of conviction cannot be considered in a collateral attack under § 2255. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied* 476 U.S. 1118, 106 S.Ct. 1977 (1986).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be dismissed with prejudice.

Baton Rouge, Louisiana, April 21, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE